UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENNIS WATKINS,

        Petitioner,

   v.

JOHN C. COLVIN,

        Respondent.

16 Civ. 4055 (LAP)(BCM)

MEMORANDUM AND ORDER



LORETTA A. PRESKA, Senior United States District Judge:

Petitioner Dennis Watkins, proceeding pro se, filed a petition to vacate, set aside, or correct his sentence ("Pet."), pursuant to 28 U.S.C. § 2254 on June 1, 2016. (See Pet., Jan. 1, 2013 [dkt. no. 1].) Petitioner submitted an Amended Petition ("Amended Pet."), on November 22, 2016. (See Amended Pet., Nov. 22, 2016 [dkt. no. 25].) On January 24, 2017, United States Magistrate Judge Barbara Moses ordered Petitioner ("Jan. 24 Order") to sign and file a new signature page for the Amended Pet., based on Petitioner's failure to sign the Amended Pet. in his own name. (See Jan. 24 Order, Jan. 24, 2017 [dkt. no. 33].) On January 31, 2017, Respondent moved to dismiss the Amended Pet. for lack of subject matter jurisdiction, pursuant to Rule 2(c)(5) of the Rules Governing § 2254 Cases and 28 U.S.C.

1

§ 2242, claiming Petitioner failed to sign his pleading in his own name. (See Mot. to Dismiss, Jan. 31, 2017 [dkt. no. 35].) On February 8, 2017, Petitioner submitted a new signature page for the Amended Pet., signed in his own name. (See Signature Page, Feb. 8, 2017 [dkt. no. 39].) On May 16, 2017, this Court adopted Magistrate Judge Moses's Report and Recommendation, issued on March 2, 2017 ("First R&R") in its entirety. (See Order Adopting First R&R, May 16, 2017 [dkt. no. 50]; First R&R, March 2, 2017 [dkt. no. 43].) The May 16, 2017 Order deemed Petitioner's filing adequate to constitute compliance with Rule 2(c)(5) and 2242, and this Court denied Respondent's motion to dismiss as moot. (See Order Adopting First R&R, May 16, 2017 [dkt. no. 50]; First R&R, March 2, 2017 [dkt. no. 43].)

On May 3, 2017, several weeks prior to this Court's adopting the First R&R, Petitioner filed a motion styled as a Mandamus Motion for Release ("Mandamus Mot."). (See Mandamus Mot., May 3, 2017 [dkt. no. 49].) On June 29, 2017, according to public records, the <u>Petitioner was released from DOC custody and began a period of supervised release.</u> On July 19, 2017, Respondent moved to dismiss the Amended Pet. on a variety of grounds. (See Mem. of Law in Opp. to Pet. for Writ of Habeas Corpus ("Mem. in Opp."), July 19, 2017 [dkt. no. 55].) Subsequently, on July 20, 2017, Petitioner filed both a Letter Requesting Stay of Post-Release Supervision ("Stay Letter") and

2

a Notice of Motion for Stay of Post-Release Supervision ("Stay Motion"). (See Stay Letter, July 20, 2017 [dkt. no. 60]; Stay Motion, July 20, 2017 [dkt. no. 61].) That same day Petitioner also filed a Declaration in Opposition to Respondent's Mem. in Opp. ("Reply Decl."). (See Reply Decl., July 20, 2017 [dkt. no. 62].) In response, in an order dated July 24, 2017, but filed on July 26, 2017 ("July 26 Order"), Judge Moses ordered Petitioner to resubmit the Stay Letter, Stay Motion, and Reply Decl. "signed personally in his own name or by an attorney at law admitted to practice in this Court." (See July 26 Order, signed July 24, 2017 [dkt. no. 64], at 3.) Judge Moses noted that if Petitioner failed properly to sign and resubmit the papers at issue then she would recommend that this Court strike the Stay Letter, Stay Motion, and Reply Decl. (Id.)

Before the Court is the Report and Recommendation ("Second R&R") of United States Magistrate Judge Barbara Moses, issued on August 29, 2017, which recommends 1) denying Petitioner's Mandamus Mot. as moot and 2) striking the papers at issue in the July 26 Order because Petitioner failed to resubmit properly signed papers as ordered. (See Second R&R, Aug. 29, 2017 [dkt. no. 65].)

## I. BACKGROUND

For purposes of this Order, the Court assumes familiarity with the facts regarding Petitioner's criminal conviction that are relevant to Petitioner's instant habeas corpus action, as set out in the Amended Pet. and Respondent's Mem. in Opp. The Court also assumes familiarity with the underlying facts and analysis set forth in Judge Moses's Second R&R. Nonetheless, a brief review of the Second R&R and of the claims that Petitioner makes in the Mandamus Mot. is appropriate here.

The Second R&R notes that Petitioner signed his Mandamus Mot. as follows:

> Very Respectfully,
>
> WATKINS.D.@(UTILITY)
>
> John Peter Public UCC3-402(1)(a)
>
> By, Dennis Ellsworth Watkins (Authorized Rep.)
>
> All Rights Reserved UCC 1-308
>
> Discharge Presumed Liability UCC 3-601.3
>
> Without Prejudice UCC 1-207.

(Second R&R at 3.) The Second R&R states that Petitioner originally signed the Amended Pet. "by, John Peter Public." (Id. at 2.) Further, the Second R&R notes that the Jan. 24 Order requires Petitioner to sign the Amended Pet. "in his own name and hand" because Petitioner's original signature as "John

4

Peter Public" "violated the signature requirements of Fed. R. Civ. P. 11(a), as well as Rule 2(c) of the Rules Governing Section 2254 Cases." (Id.; see also Jan. 24 Order at 3-4.) As a result, the Jan. 24 Order states that all Petitioner's future filings "must be signed personally in his own name or by an attorney at law admitted to practice in this Court who has appeared as counsel of record on behalf of Mr. Watkins." (Id.) The Second R&R recommends in part striking the Stay Motion, Stay Letter, and Reply Decl. for failure to comply with the July 26 Order properly to sign and refile those specific filings. (See Second R&R at 5.) Moreover, the Second R&R also recommends striking those papers "because petitioner has repeatedly violated similar directives," referencing not only the instant actions but also other actions before this Court where Petitioner improperly filed signed papers and failed to comply with orders to refile those papers. (Id.)

Substantively, the Second R&R recommends denying Petitioner's Mandamus Mot. for "immediate release" "without prejudice to the underlying petition" both "[b]ecause petitioner is no longer in DOC custody, and because his Mandamus Mot. for Release does not state any legitimate reason to grant his request." (Id. at 4.) The Second R&R notes that the Mandamus Mot. for immediate release was based on Petitioner's claim that "among other things, the Assistant Attorney General representing

5

respondent in this action (variously referred to by petitioner as a 'Vagrant' and a 'foreigner') had recently asked for a second extension of time to respond to [the] Amended Petition, thus delaying its resolution 'in violation of Procedural and Substantial [sic] Due Process.'" (Id. at 3; see also Mandamus Mot. at 3.)

Petitioner raises several claims for relief in the Mandamus Mot. These include: 1) the Court improperly allowed Assistant Attorney General Nikki Kowalski to submit filings regarding the instant habeas petition, (Mandamus Mot. at 1-5); 2) this Court "aided and abetted the lower courts" by forcing Petitioner to pursue a direct appeal before pursuing his habeas petition, thereby delaying Petitioner's relief for alleged due process failures in his underlying criminal proceeding, (id. at 4); 3) the lower court disregarded New York law when police officers in the underlying case arrested Petitioner illegally without a warrant rendering Petitioner's conduct in resisting arrest lawful, (id. at 8); 4) this Court conspired to deny Petitioner due process of law by protecting the officers who illegally arrested him, (id. at 9); 5) this Court should strike the Declaration of Nikki Kowalski accompanying the Memo in Opp. as hearsay, (id. at 9-10; see also Decl. of Nikki Kowalski, July 19, 2017 [dkt. no. 56]); and finally, 6) the Court should "vacate this Judgment," (id. at 11).

6

Petitioner neither responded to Judge Moses's July 26 Order nor attempted to refile or correct the deficiently signed Stay Motion, Stay Letter, or Reply Decl. Furthermore, neither Petitioner nor Respondent filed objections to the Second R&R. Finally, according to public records, Petitioner's term of supervised release continues through the present day.

## II. LEGAL STANDARD

### A. DISTRICT COURT'S REVIEW OF THE REPORT & RECOMMENDATION

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within 14 days of being served with a copy of the report. Id.; see also Fed. R. Civ. P. 72(b)(2). When a party submits a timely, specific objection, a district court reviews the contested issue de novo. 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3). A district court reviews unobjected-to portions of a report and recommendation for clear error. DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009); Lewis v. Zon, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169

(S.D.N.Y. 2003). A decision is "clearly erroneous" when the Court is, "upon review of the entire record . . . left with the definite and firm conviction that a mistake has been committed." DiPilato, 662 F. Supp. 2d at 339-40 (quoting United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006)).

Failing to file timely objections precludes appellate review of a district court order affirming or rejecting the report and recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

### B. CONSTRUAL OF PRO SE PLEADINGS

"[T]he Court is obligated to construe pro se pleadings liberally," Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). However, the Court is still required to "examine such [pleadings] for factual allegations sufficient to meet the plausibility requirement," Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011), and a pro se litigant is still expected to "compl[y] with relevant rules of procedural and substantive law," Traguth v. Zuck, 710 F.2d 90,

8

95 (2d Cir. 1983) (quoting Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981)).

### C. MOTIONS FOR LEAVE TO AMEND

It is possible to construe Petitioner's Mandamus Mot. as a motion for leave to amend the habeas petition. See infra Section III.A. Accordingly, in evaluating such a motion, the following standard applies:

> Motions for leave to amend habeas petitions are governed by Rule 15 of the Federal Rules of Civil Procedure. See 28 U.S.C. § 2242; Mayle v. Felix, 545 U.S. 644, 649, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005); Littlejohn v. Artuz, 271 F.3d 360, 363 (2d Cir. 2001). Under Rule 15, where, as here, a responsive pleading has already been filed, a pleading may be amended "only with the opposing party's written consent or the court's leave," which should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Even in the habeas context, amendments are favored because they tend to facilitate a proper decision on the merits. See Littlejohn, 271 F.3d at 364. . . . The decision whether to grant leave to amend is committed to the discretion of the district court, which "is not subject to review on appeal except for abuse of discretion[.]" Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) (quoting 3 James Wm. Moore et al., Moore's Federal Practice ¶ 15.08[4], at 15-64 (2d ed. 1992)). The district court's discretion, however, is not <u>unlimited</u>: Under Rule 15, a motion for leave to amend should be denied only where there is "evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or <u>futility</u>[.]" Monahan v. New York City Dep't of Corr., 214 F.3d 275, 283 (2d Cir. 2000).

Kalu v. New York, No. 08-CV-4984, 2009 U.S. Dist. LEXIS 129998, at *19-20 (E.D.N.Y. Sept. 15, 2009) (second emphasis added).

9

## III. DISCUSSION

There are no objections to the Report and Recommendation, therefore the Court applies the clear error standard. DiPilato, 662 F. Supp. 2d at 339; Lewis, 573 F. Supp. 2d at 811; Wilds, 262 F. Supp. 2d at 169. Having carefully reviewed the Second R&R, the Court finds no facial error in Judge Moses's conclusions regarding the Stay Motion, Stay Letter, and Reply Decl. Zielinski v. Linaweaver, No. 14-CV-3798, 2015 WL 9302832, at *2 (S.D.N.Y. 2015). Accordingly, the Court hereby ADOPTS, in part, the Second R&R, as far as it concerns the Stay Motion, Stay Letter, and Reply Decl. [dkt. nos. 60, 61, 62], and hereby STRIKES those filings from the docket.

### A. MANDAMUS MOTION

The Second R&R correctly states that the primary thrust of the Mandamus Mot. is a request for "immediate release" and corresponding explanations for why such relief would be appropriate. (Second R&R at 2-4; Mandamus Mot. at 1, 11.) In Preiser v. Rodriguez, the Supreme Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." 411 U.S. 475, 500 (1973). Preiser

10

concerned whether New York inmates whose good time credits were removed without due process of law could invoke 42 U.S.C. § 1983 to file a lawsuit directly, thereby circumventing the need to exhaust their state remedies, as required by the federal habeas statute. Id. at 482. The Court noted that a challenge to the fact or duration of a prisoner's confinement, like a prisoner's challenge to his conviction itself, is at the "core of habeas corpus." Id. at 489. The Court therefore barred the inmates from relief under § 1983, reasoning that Congress's express intent was for Petitioners to exhaust state remedies before seeking relief—the type of relief at the core of habeas corpus— in federal court. Id. at 489-90. Congressional intent would be "wholly frustrate[d]" if Petitioners could avoid the requirement by "putting a different label on their pleadings." Id. at 489-90.

Here, although Petitioner styles his motion as a Mandamus Mot.,[1] the relief he seeks is an order "vacating the judgment," i.e., to be released from custody, (Mandamus Mot. at 1, 11.)

---

[1] Despite Petitioner's calling the Motion a "Mandamus Motion," there is no longer any such thing as a writ of mandamus at the federal district court level. Fed. R. Civ. P. 81(b) ("The writs of scire facias and mandamus are abolished. Relief previously available through them may be obtained by appropriate action or motion under these rules."). For this reason, the Court chooses not to construe Petitioner's Mandamus Mot. solely as a motion for a writ of mandamus as such a motion would fail without reaching the merits.

Therefore, reading the Mandamus Mot. liberally, it is construed better as an attempt to file a new habeas petition or to amend the existing petition. Cf. Smith v. Thompson, 437 F. Supp. 189 (E.D. Tenn. 1976) (rejecting Mandamus Petition as barred by the Federal Rules of Civil Procedure and instead construing the petition as an attempt to file a habeas petition). Accordingly, because successive habeas petitions are unequivocally barred, 28 U.S.C. § 2244, the Court will treat the Mandamus Mot. as an attempt to amend the underlying habeas petition. See also Harris v. United States, 367 F.3d 74, 76 (2d Cir. 2004).

The Second R&R explicitly denies the Mandamus Mot. on two grounds: 1) "Petitioner is no longer in DOC custody," and 2) the "Mandamus Motion for Release does not state any legitimate reason to grant his request for 'immediate release.'" (Second R&R at 4.)

First, the Court finds that Petitioner's release from DOC custody is not fatal to his petition because he is still subject to supervised release. "A habeas petitioner need not be confined physically to satisfy the 'in custody' requirement [of 28 U.S.C. § 2254]." Velez v. People of State of N.Y., 941 F. Supp. 300, 307 (E.D.N.Y. 1996). "All petitioners whose convictions cause them to suffer substantial restraints not shared by the public generally come within the statute's

12

purview, and parole has long been held to constitute such a restraint." Id. Because Petitioner is still subject to supervised release, he is still "in custody" for the purposes of § 2254, and accordingly, his attempt to amend the habeas petition is not "moot" on that ground.

The Court is satisfied, however, with the R&R's second, outcome-determinative finding. Although it is unclear to the Court whether the R&R considered Petitioner's Mandamus Mot. an attempt to amend the habeas petition, the R&R found that the Mandamus Mot. "does not state any legitimate reason to grant [Petitioner's] request." Because some of this reasoning applies regardless of whether or not the Court construes the Mandamus Mot. as a motion to amend the complaint, the Court is not "left with the definite and firm conviction that a mistake has been committed." DiPilato, 662 F. Supp. 2d at 339-40 (quoting United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006)). Accordingly, the Court ADOPTS the Second R&R's assertion that the "Mandamus Motion for Release does not state any legitimate reason to grant [Petitioner's] request," and hereby STRIKES the Mandamus Mot. for Release [dkt. no. 49].

Nonetheless, in an abundance of caution, the court will review the reasons why the Mandamus Mot. fails as a motion to amend the petition.

13

### i. THE MANDAMUS MOTION FAILS PROCEDURALLY

The Mandamus Mot. fails procedurally and, for that reason alone, must be stricken. Although the Court must construe a pro se litigant's pleadings liberally, the Petitioner must "compl[y] with relevant rules of procedural and substantive law." Traguth, 710 F.2d at 95 (quoting Birl, 660 F.2d at 593). The Mandamus Mot. was not signed in Petitioner's own name and accordingly fails to meet "the signature requirements of Fed. R. Civ. P. 11(a), as well as Rule 2(c) of the Rules Governing Section 2254 Cases." (Second R&R at 2; see also Jan. 24 Order at 3, 4.) Although Magistrate Judge Moses gave Petitioner a period in which to amend and refile the Stay Motion, Stay Letter, and Reply Decl. by signing those filings in his own name, (see July 26 Order), the Court need not extend any such opportunity to Petitioner regarding the instant motion. Not only did Petitioner directly violate Judge Moses's Jan. 24 Order by failing to sign the Mandamus Mot. in his own name, but by comparing the Petitioner's failed signature on the motion with his many other failed signatures during the instant action, the Second R&R gave Petitioner notice that his filing was procedurally deficient. (Second R&R at 1-5; Jan. 24 Order.) As Petitioner had more than one year to refile the Mandamus Mot. with a valid signature and "Petitioner has repeatedly violated" many directives to properly sign his pleadings, both in the

14

instant action and in other actions before this Court, (see Second R&R at 5), the Court declines to give Petitioner another opportunity to amend the Mandamus Mot. Accordingly, on procedural grounds alone, the Mandamus Mot. is deficient[2] and can provide no "legitimate reason to grant [Petitioner's] request for 'immediate release.'"

### ii. INSOFAR AS THE MANDAMUS MOTION IS AN ATTEMPT TO AMEND THE PETITION THAT MOTION WOULD BE DENIED AS FUTILE

Petitioner's attempt to amend the petition on any of the grounds stated in the Mandamus Mot. would be futile; as such, the Court is required to deny such a motion to amend even if it excused Petitioner's procedural default. Monahan, 214 F.3d at 283. Except for Petitioner's claim that he was illegally arrested and that the lower courts violated his right to due process by ignoring the legal ramifications of his illegal arrest, each one of Petitioner's claims in the Mandamus Mot. relates to some perceived injustice in Petitioner's habeas proceeding, not his underlying criminal conviction. See supra Section I. As a threshold matter a "habeas motion seeks to

---

[2] As far as the Mandamus Mot. can be construed liberally as Petitioner's attempt to strike the Decl. of Nikki Kowalski, such a Motion would also fail on the same procedural grounds. (See Decl. of Nikki Kowalski.)

15

invalidate a state court's judgment of conviction" based on deficiencies in the "integrity of the state criminal trial." Rodriguez v. Mitchell, 252 F.3d 191, 198-99 (2d Cir. 2001). In Rodriguez, the Court of Appeals held that a Rule 60(b) motion attacking the integrity of the dismissal of a habeas petition did not necessarily constitute a second, successive habeas petition. Id. at 197 (distinguishing Petitioner Rodriguez's claim that Respondent and his former lawyer fraudulently deceived the federal court during habeas proceedings from the claim that the former lawyer ineffectively assisted Petitioner during Petitioner's underlying state criminal proceeding). In distinguishing a Rule 60(b) motion from the habeas petition itself, the Court noted that a showing of "unfair surprise or fraud during federal habeas proceedings . . . might justify vacating the judgment denying habeas but would not justify vacating the criminal conviction attacked in the habeas proceeding." Id. at 199. Likewise, here, Petitioner would have an opportunity to present his claims that his rights have been violated during the instant habeas proceedings, if his habeas petition is denied, in a future Rule 60(b) motion aiming to overturn such a denial. However, those claims are not properly brought as part of the instant habeas petition because they are distinct from those seeking to overturn Petitioner's criminal conviction itself. Accordingly, Petitioner's attempt to amend

16

the habeas petition with claims regarding due process failures limited to the instant federal habeas action is futile.

Finally, Petitioner claims in his Mandamus Mot. that he was illegally arrested and that the lower courts violated his due process rights by ignoring the legal ramifications of his illegal arrest. This claim is duplicative of claims that Petitioner has raised in the Amended Pet. and which have been exhausted. (See Amended Pet. at 26-40.) Therefore, the claim provides no grounds for Petitioner to amend the petition.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby ADOPTS, in part, the Second R&R and accordingly hereby STRIKES Petitioner's Notice of Motion for Stay of Post-Release Supervision and Declaration in Opposition to Respondent's Mem. in Opp. WITH PREJUDICE and hereby DENIES Petitioner's Mandamus Mot. WITH

PREJUDICE. This Memorandum and Order terminates docket entries 49, 60, 61, 62.

SO ORDERED.

Dated: March 19, 2018

*Loretta A. Preska*
LORETTA A. PRESKA
Senior United States District Judge